UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQIANG WEI,<br><br>   Plaintiff,<br><br>  v.<br><br>DAVID CHANDLER, et al.,<br><br>   Defendants. | Case No. 18-cv-02578-KAW<br><br>**ORDER DISMISSING COMPLAINT**<br>Re: Dkt. Nos. 1 |

On May 2, 2018, Plaintiff Liqiang Wei filed this lawsuit against Defendants David Chandler and Oxford University Press. (Compl, Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis, which the Court granted in a separate order on May 9, 2018. (Dkt. Nos. 2, 4.) Plaintiff's complaint, however, must be dismissed with leave to amend because the complaint fails to state a claim upon which relief can be granted.[1]

### I. BACKGROUND

Plaintiff asserts that he is the creator of the formula, the "Boltzmann type statistics." (Compl., Exh. 1 at 1, Dkt. No. 1.) Plaintiff states that he demonstrated this formula in his article entitled "Quantum Statistical Mechanics: Energy Eigenequation at Finite Temperature and Universal Quantum Statistical Distributions for All Statistical Ensembles," which he has been submitting for publication since 2006. (*Id.*) Plaintiff also appears to assert that he has a previous independent work written in Chinese in 1989. (*Id.* at 3.) Plaintiff alleges, however, that Defendant Chandler stole Plaintiff's formula and published it in his textbook "Introduction to

---

[1] Plaintiff filed his consent form on May 10, 2018. (Dkt. No. 5.)

Modern Statistics Mechanics," which was published in 1987.  (*Id.* at 1.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  But "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . . " *Estelle*, 429 U.S. at 106 (internal citations omitted).

## III. DISCUSSION

The Court finds that as pled, Plaintiff has failed to allege facts that state a claim on which relief may be granted.  Plaintiff asserts that he created a formula that was first published in either 1989 or 2006.  Defendant Chandler's textbook, however, was published in 1987.  Thus, it is not plausible that Defendant Chandler could have stolen Plaintiff's formula, which as admitted by Plaintiff, was not circulated until *after* Defendant Chandler's textbook was published.

Because Plaintiff has failed to plead a viable claim, the Court dismisses Plaintiff's complaint with leave to amend to, if possible, allege a plausible claim.  Plaintiff shall file a first amended complaint within 30 days of this order.  Plaintiff is on notice that the first amended complaint will supersede the original complaint, such that it will be treated as nonexistent.  *See*

*Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), *abrogated on other grounds by Johnson v. Cal.*, 543 U.S. 499 (2005). For this reason, Plaintiff shall properly identify the legal and factual bases for all of his claims, free of any reference to any prior complaint, and she shall clearly identify the specific claims asserted against each defendant. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Failure to file a first amended complaint within 30 days of this order may result in a recommendation that this action be dismissed for failure to prosecute.

To ensure that his first amended complaint complies with this order, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982. The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff. This manual, and other free information is available online at: http://cand.uscourts.gov/pro-se.

IT IS SO ORDERED.

Dated: June 1, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge