UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQIANG WEI,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID CHANDLER, et al.,<br><br>    Defendants. | Case No. 18-cv-02578-EMC<br><br>**ORDER RE PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Docket No. 14 |

On July 31, 2018, Plaintiff Liqiang Wei filed objections to the Report and Recommendation to dismiss this case without prejudice (Docket No. 10) ("R&R") issued by Magistrate Judge Westmore on July 9, 2018. *See* Docket No. 14. The R&R was served by mail on Plaintiff that day. On July 31, 2018, this Court issued an Order adopting the R&R and dismissing the case with leave for Plaintiff to amend the complaint. *See* Docket No. 13. On that same date, Plaintiff's objection was filed. It appears that the objection was not timely. *See* Fed. R. Civ. P. 72(b)(2). Nonetheless, the Court addresses the merits and concludes there is no reason to alter the Order adopting the R&R.

## I.    <u>LEGAL STANDARD</u>

When a party objects to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Local Rules require the party to "specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." Civ. L.R. 72–3(a).

## II. DISCUSSION

Plaintiff objects to several aspects of the R&R, but does not cite any authorities in support of his arguments.

As the R&R notes, Plaintiff initially alleged that Defendant "stole" a formula he created, even though the formula was published in Defendant's textbook years before Plaintiff included it in his article. Docket No. 10 at 2. Plaintiff then amended the complaint to allege that Defendant committed the "fraud through falsification of the book after its publication." *Id.* (quoting Docket No. 8 at 1). Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." However, Plaintiff has not pleaded any particular facts to support his conclusory assertion that Defendant "falsified" the book. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Instead, Plaintiff urges the Court "to conduct the technological examination" and "request[] an investigation" in order to verify his allegations of falsification. Docket No. 14 at 1-2; *see also id.* at 2 ("[T]here is actually no need for me to state the facts and rationales for the theft . . . ."). This miscasts the role of the Court, as it is "the *plaintiff*" who must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (emphasis added). Plaintiff fails to satisfy Rule 9(b).

Moreover, Plaintiff cannot state a claim under 18 U.S.C. § 641 and 18 U.S.C. § 1001 because both are criminal statutes that do not create a civil cause of action. "Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute." *Diaz v. City of San Fernando*, No. CV 13-6047 DDP (AJW), 2015 WL 13237402, at *5 (C.D. Cal. June 18, 2015), *report and recommendation adopted*, No. CV 13-6047 DDP (AJW), 2015 WL 13238926 (C.D. Cal. Aug. 28, 2015) (citation omitted). The Ninth Circuit in an unpublished order has specifically held that 18 U.S.C. § 1001 does not provide a private right of action. *Willems v. Apartment Inv. & Mgmt. Co. AIMCO*, 72 F. App'x 700, 701 (9th Cir. 2003). A "private right[] of action to enforce federal law must be created by Congress" and "courts may not create one." *Alexander v.*

1 *Sandoval*, 532 U.S. 275, 286–87 (2001).

2 Finally, as the R&R established, 18 U.S.C. § 641 applies only to the theft of "thing[s] of value of the United States or of any department or agency thereof," not private personal property. Docket No. 10 at 3. Plaintiff responds by asserting that his "specification of the statute for the claim of fraud . . . has not been limited to a [sic] public property only." Docket No. 14 at 3. As detailed above, to the extent Plaintiff's fraud claim is distinct from his claim under 18 U.S.C. § 641, it is nonetheless dismissed because of the failure to plead sufficiently specific facts.

The Court thus finds no basis in the objections to modify its Order adopting the R&R. Pursuant to the Order, Plaintiff remains free to file an amended complaint by August 30, 2018 that alleges "specific details about how the 1986 textbook was allegedly 'falsified,' who was involved, what specifically they did, and when it occurred." Docket No. 13.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: August 15, 2018

_____
EDWARD M. CHEN
United States District Judge

3